UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

TACUMA NATHANIEL JACKSON,           Case No. 2:11-cv-01186-SI

    Petitioner,                                  OPINION AND ORDER

    v.

MARK NOOTH,

    Respondent.

PATRICK J. EHLERS
Office of the Federal Public Defender
101 SW Main Street, Suite 1700
Portland, OR  97204

    Attorney for Petitioner

ELLEN F. ROSENBLUM
Attorney General
SAMUEL A. KUBERNICK
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR  97301-4096

    Attorneys for Respondent

1 - OPINION AND ORDER -

SIMON, District Judge.

Petitioner, an inmate at Snake River Correctional Institution brings this habeas corpus action pursuant to 28 U.S.C. § 2254. He challenges his conviction and sentencing, arguing that he was denied the effective assistance of trial counsel. For the reasons set forth below, the Petition for Writ of Habeas Corpus (#2) is DENIED, with prejudice, and this proceeding is DISMISSED.

## BACKGROUND[1]

On May 21, 2000, police were watching the Wilshire Tavern in Northeast Portland. Petitioner and Damian D. Douglas ("Douglas") arrived at the tavern shortly after closing time. Three patrons were outside the tavern waiting for a cab. Petitioner and Douglas directed the three patrons, at gunpoint, to go back inside the tavern. Two bartenders, and the girlfriend of one of the bartenders were inside, closing up. One of the bartenders unlocked the tavern door to let the patrons back in, not realizing the situation.

Petitioner directed the six individuals in the tavern to sit at the bar. Petitioner then ordered one of the bartenders to give him the cash from the register and safe. After he had the money, he told everyone to go to the back of the room, lie down on the

---

[1] Information for this section is taken from Petitioner's Brief (#30) and Amended Opening Brief on direct appeal (Ex. 103); and from Respondent's Response (#13).

2 - OPINION AND ORDER -

floor, and count to 200. Petitioner and Douglas fled in a stolen vehicle.

Petitioner and Douglas were named in a 46-count indictment. Petitioner was charged with seven counts of Robbery in the First Degree with a firearm (Counts 8-14); seven counts of Kidnapping in the First Degree (Counts 22-28); seven counts of Robbery in the Second Degree (Counts 36-42); Burglary in the First Degree (Count 44); and Unauthorized Use of a Motor Vehicle (Count 46). He proceeded to a jury trial.

After the State's case in chief, trial counsel argued for dismissal of the Kidnapping in the First Degree charges, and also argued that the State had not established the element of intent to interfere substantially with the personal liberty of the individuals to satisfy the lesser included offense of Kidnapping in the Second Degree. The trial court trial granted counsel's motion for judgment of acquittal on the charges of Kidnapping in the First Degree, but denied the motion as to the three counts of Kidnapping in the Second Degree related to the three patrons made to re-enter the tavern at gun-point.

The jury found Petitioner guilty of six counts of Robbery in the First Degree, six counts of Robbery in the Second Degree, three counts of Kidnapping in the Second Degree (as to the three patrons made to re-enter the tavern), and one count each of Burglary and Unauthorized Use of a Vehicle. (Ex. 101.) Petitioner was

3 - OPINION AND ORDER -

sentenced to a total of 396 months imprisonment in a combination of consecutive and concurrent terms. (*Id.*)

Petitioner directly appealed his conviction. The Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. *State v. Jackson*, 209 Or. App. 354 (2006); 344 Or. 280 (2008) (Exs. 107, 108.)

Petitioner filed for post-conviction relief ("PCR"). The PCR trial court denied relief, finding Petitioner had failed to satisfy his burden of proof. (Exs. 123, 124.) Petitioner appealed, but the Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. *Jackson v. Nooth*, 240 Or. App. 563 (2011); 350 Or. 408 (2011) (Exs. 129, 130.)

## **DISCUSSION**

Petitioner filed the instant habeas action *pro se*. From the lengthy *pro se* petition (#2), Respondent was able to identify the following seven grounds for relief:

> Ground One: The trial and appellate court erred in allowing the charge of Second-Degree Kidnapping to go to the jury. (Petition, pp. 25-26, 31-44).
>
> Ground Two: Trial counsel was ineffective for failing to prevent the jury from considering the charge of Second-Degree Kidnapping. (Petition, pp. 18,23-24).
>
> Ground Three: Trial counsel was ineffective for failing to challenge the indictment. (Petition, p.20).
>
> Ground Four: Trial counsel was ineffective for failing to investigate. (Petition, p. 20).

4 - OPINION AND ORDER -

> Ground Five: Appellate counsel was ineffective for failing to properly present the argument that the jury should not have considered the charge of Second-Degree Kidnapping. (Petition, pp.21,29).
>
> Ground Six: Appellate counsel was ineffective for failing to properly search the record for structural errors that rendered petitioner's trial unfair. (Petition, pp. 21, 28).
>
> Ground Seven: The trial court erred by applying ORS § 137.123(5)(a) and (b) for the purposes of sentencing. (Petition, p. 25).

(#13, at 3.) In his Response, Respondent argues Petitioner is not entitled to habeas relief because, "Ground Three was not fairly presented to the state courts and is now procedurally defaulted[;] Ground Seven fails to state a federal claim for relief; the remaining claims were correctly denied in state court decisions entitled to deference." (#13, at 3.)

Through appointed counsel, Petitioner specifies his supporting brief will address only the claims pertaining to his conviction on Kidnapping in the Second Degree. (#30, at 2.) He identifies the claims as follows.

> 1. Counsel failed to raise and argue relevant law and facts regarding the second degree kidnapping charges;
>
> 2. Counsel failed to request a jury instruction regarding the element of intent to substantially interfere with another's personal liberty.
>
> 3. Counsel failed to inform the trial court that Oregon law barred prosecution for second-degree kidnapping once Mr. Jackson had been acquitted of first-degree kidnapping.

(*Id.*)

5 - OPINION AND ORDER -

In his Reply to Petitioner's supporting brief, Respondent argues that Petitioner is not entitled to relief on Claim 2 of the supporting brief, because it does not appear in the petition and is not properly before the court. Respondent also argues Petitioner has failed to satisfy his burden of proof on the grounds for relief not argued in the supporting memorandum; and that Petitioner is not entitled to relief on claims 1 and 3 of the supporting brief - even if the petition is liberally construed to have included these claims under Ground Two.[2] (#34, at 2.)

## I.   Unargued and Newly Presented Claims

A petitioner seeking federal habeas relief bears the burden of showing the court he is entitled to relief. *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002); *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004), *cert. denied* 545 U.S. 1165 (2005). Under § 2254(d), a petitioner must show that the adjudication of his claims on the merits in State court was: "1) contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States; or 2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court

---

[2]After careful review of the lengthy pro se petition, the Court finds Petitioner's claims are accurately and fully characterized by the seven claims Respondent identified in the Response, when read liberally to include the ineffective assistance of counsel claims, Claims 1 and 3, as identified in Petitioner's counseled Brief.

6 - OPINION AND ORDER -

proceeding." Petitioner has not satisfied his burden of proof for habeas relief with respect to the claims that are not argued in his supporting brief. Therefore, habeas relief on the un-argued claims (Grounds One, Three, Four, Five, Six and Seven of the petition) is precluded.[3] Furthermore, pursuant to Rule 2(c), Rules Governing § 2254 Cases, a petition must specify all grounds for relief. Accordingly, the claim presented as Claim 2 in Petitioner's Brief is not properly before the Court and will not be reviewed.

## II. The Merits

The claims remaining for review on the merits are the following, as defined in Petitioner's Brief.[4]

   1. Counsel failed to raise and argue relevant law and facts regarding the second degree kidnapping charges;

   3. Counsel failed to inform the trial court that Oregon law barred prosecution for second-degree kidnapping once Mr. Jackson had been acquitted of first-degree kidnapping.

### A.  Standards of Review

Following passage of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), an application for a writ of habeas corpus shall not be granted unless the adjudication on the merits in State court was:

---

[3] The Court, nevertheless, reviewed the record as to the un-argued claims and determined they would not entitle Petitioner to relief.

[4] Liberally construing the *pro se* petition, these claims are read to be included under Ground Two.

> (1) contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States; or
>
> 2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The Supreme Court has construed this provision as requiring federal habeas courts to be highly deferential to the state court decisions under review. *Williams v. Taylor*, 529 U.S. 362, 386-389 (2000). In *Cullen v. Pinholster*, ___ U.S. ___; 131 S.Ct. 1388, 1398-1402 (April 4, 2011), the Court reiterated the highly deferential nature of federal habeas review, and limited federal review "to the record that was before the state court that adjudicated the claim on the merits."

"'Clearly established Federal law' is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lambert v. Blodgett*, 393 F.3d 943, 974 (9th Cir. 2004) *cert. denied*, 126 S. Ct. 484 (2005). An "unreasonable application" of clearly established federal law occurs when "the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Lambert*, 393 F.3d at 974 (citing *Williams*). "The state court's application of . . . law must be *objectively unreasonable*." *Williams*, 529 U.S. at 411 (emphasis added). "[A] federal habeas

8 - OPINION AND ORDER -

court may not issue the writ simply because that court concludes in its independent judgment that the state court decision applied clearly established federal law erroneously or incorrectly." *Woodford*, 537 U.S. at 24-25 (2002)(internal citations omitted). Rather, "a habeas court must determine what arguments or theories ... could have supporte[d] the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior [Supreme Court] decision." *Pinholster*, 131 S.Ct. at 1402 (citing *Harrington v. Richter*, 562 U.S. ___, ___, 131 S.Ct. 770, 786 (2011)). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Richter*, ___ U.S. ___, 131 S.Ct. 770, 786 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004).

The last reasoned decision by the state court is the basis for review by the federal court. See *Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991); *Franklin v. Johnson*, 290 F.3d 1223, 1233 n.3 (9th Cir. 2002). In this proceeding, the Court reviewed the state PCR trial court decision.

In reviewing a state court decision, "a federal court may not second-guess a state court's fact-finding process unless, after review of the state-court record, it determines that the state

9 - OPINION AND ORDER -

court was not merely wrong, but actually unreasonable." *Taylor v. Maddox*, 366 F. 3d 992, 999 (9th Cir. 2004). This is a standard that will be met in few cases. *Id.* at 1000. When unchallenged, State court determinations of factual issues "shall be presumed to be correct." 28 U.S.C. §2254(e)(1); *Miller-el v. Cockrell*, 537 U.S. 322, 340 (2003). A Petitioner may rebut the presumption of correctness with clear and convincing evidence. *Id.*

The clearly established federal law governing claims of ineffective assistance of counsel is *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). *Pinholster*, 131 S.Ct. at 1403. Under *Strickland*, a petitioner must prove: 1) that counsel's performance fell below an objective standard of reasonableness and, 2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Bell v. Cone*, 535 U.S. 685, 695 (2002); *Strickland*, 466 U.S. at 687-88. "A reasonable probability is a probability sufficient to undermine confidence in the outcome[,]" that is, "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686.

"Judicial scrutiny of counsel's performance must be highly deferential," *id.* at 689, and "a court must indulge [the] strong presumption that counsel made all significant decisions in the

10 - OPINION AND ORDER -

exercise of reasonable professional judgment." *Pinholster*, 131 S.Ct. at 1407 (quoting *Strickland*) (internal quotation marks omitted.) The reasonableness of counsel's conduct must be evaluated in light of the facts of the case and the circumstances at the time of representation. *Strickland*, 466 U.S. at 690.

In sum, a doubly deferential standard of review applies to federal habeas review of ineffective assistance of counsel claims: deference under § 2254 and deference under *Strickland*. *Knowles v. Mirzayance*, 556 U.S. 111, 129 S.Ct. 1411, 1420 (2009); *Cheney v. Washington*, 614 F.3d 987, 995 (9th Cir. 2010).

B.  <u>Analysis</u>

Petitioner argues that no deference is due the state PCR court ruling denying relief on his ineffective assistance of counsel claims, suggesting there is no statement of reasoning. Petitioner further argues the record contains legally sufficient evidence that trial counsel rendered ineffective assistance under *Strickland*. The Court finds Petitioner's arguments unavailing.

To prevail on his claims, Petitioner had to show the PCR court that counsel's representation fell below objective standards of reasonableness, and that the outcome of the proceeding would have been different but for counsel's deficiencies. Review of the record leads to the conclusion Petitioner did not meet his burden under *Strickland*.

11 - OPINION AND ORDER -

In Petitioner's PCR trial memorandum he argues that "case law was available to support an argument against the charges of kidnap in the second degree" and that "[t]he failure of counsel to make this argument prejudiced the Petitioner substantially." (Ex. 111, at 8.) Petitioner also argued trial counsel was ineffective for not objecting to the jury being allowed to consider Kidnapping in the Second Degree once judgment of acquittal was granted on Kidnapping in the First Degree because the granting of a judgment of acquittal acts as a bar to future prosecution. (*Id.* at 9.) Petitioner equated *future prosecution* with the jury's consideration of a lesser included offense.

The State argued Petitioner was not entitled to relief because trial counsel had argued for an hour for judgment of acquittal on all charges (and succeeded in gaining acquittal of the Kidnapping I charges); and Petitioner had failed to show that a motion to dismiss the lesser included Kidnapping II, "defined as using a firearm with intent to interfere substantially with another's personal liberty by taking the person from one place to another[,]" was appropriate or would have been granted under the circumstances of the case.[5] (Ex. 117, at 7-8.) At the conclusion of the PCR

---

[5] Oregon law provides, in relevant part: "(1) A person commits the crime of kidnapping in the second degree if, with the intent to interfere substantially with another's personal liberty, and without consent or legal authority, the person: (a) Takes the person from one place to another." Or. Rev. Stat. 163.225.
    On the fact of this case, the Oregon Court of Appeals held

12 - OPINION AND ORDER -

trial, the PCR court stated, "I've read everything that's been submitted here, and there are no grounds for post-conviction relief.... Counsel's defense was more than adequate as a matter of law. Necessary issues were raised ...I don't see anything here that either attorney should have done differently." (Ex. 124, at 4-5.) The record support's the PCR court's determination that counsel's representation was constitutionally adequate and that Petitioner had not shown otherwise. Because Petitioner did not meet his burden of proof under *Strickland*, the PCR court adjudication of Petitioner's ineffective assistance of counsel claims was neither contrary to, nor an objectively unreasonable application of *Strickland*, and federal habeas relief is precluded.

/ / /

/ / /

/ / /

---

that whether the defendant's intent in moving the victims from the curb to the tavern was to interfere substantially with their liberty to move freely was a question for the jury because "[t]he movement ... of the victims was not 'merely incidental' to the commission of crimes against those victims; rather, the interference with those victim's liberty was undertaken as the predicate to the commission of additional crimes against other persons inside the building." (Ex. 105, supplemental excerpt *State v. Douglas*, 203 Or.App 22, 28-29 (2005)(Douglas was Petitioner's accomplice).

13 - OPINION AND ORDER -

**CONCLUSION**

Based on the foregoing, the Petition for Writ of Habeas Corpus (#2) is DENIED, with prejudice. The Court declines to issue a Certificate of Appealability on the basis that Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this 28th day of February, 2013.

Michael H. Simon
United States District Judge

14 - OPINION AND ORDER -